FILED BY FAX

FILED
08 APR 18 PM 2:25
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Dean T. Kirby, Jr., Bar No. 090114
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, CA 92101-4515
Telephone: (619) 685-4000
Facsimile: (619) 685-4004
dkirby@kirbymac.com

Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Ave., N.W., Suite 310
Washington, D.C. 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731
ldiess@mccarronlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CHIQUITA FRESH, N.A., L.L.C.
250 East Fifth Street
Cincinnati, Ohio 45202
(513) 784-8000

    Plaintiff

v.

SAMMY'S PRODUCE, INC.
1635 Rosencrans Street, Suite D
San Diego, California 92106
(760) 631-4250

    and

YAN SKWARA
1635 Rosencrans Street, Suite D
San Diego, California 92106
(760) 631-4250

    and

SAMUEL V. NUCCI
1635 Rosencrans Street, Suite D
San Diego, California 92106
(760) 631-4250

    and

'08 CV 7 1 4   JLS (POR)

Civil Action No: _____

**COMPLAINT**
**(To Enforce Payment**
**From Produce Trust)**

---

Chiquita Fresh v. Sammy's Produce, et al.
Complaint (To Enforce Payment from Produce Trust)

Page 1

ORIGINAL

DARIN PINES
1635 Rosencrans Street, Suite D
San Diego, California 92106
(760) 631-4250

                    Defendants

Chiquita Fresh, N.A., L.L.C. ("plaintiff"), for its complaint against defendants alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claim arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff, an Ohio limited liability corporation with its principal place of business in Cincinnati, Ohio, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Sammy's Produce, Inc. ("Sammy's Produce"), a California corporation with its principal place of business in Vista, California, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

b. Defendants Yan Skwara, Samuel V. Nucci and Darin Pines are and were the officers and directors of Sammy's Produce, during the period of time in question who controlled the day to day operations of Sammy's Produce and were in positions of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.  This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6.  Between February 14, 2008 and March 12, 2008, plaintiff sold and delivered to defendants, in interstate commerce, wholesale amounts of produce worth $73,545.90, which remains unpaid.

7.  Defendants accepted the produce from plaintiff.

8.  At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.  Plaintiff preserved its interest in the PACA trust in the amount of $73,545.90 and remains a beneficiary until full payment is made for the produce.

10.  Defendants have not disputed the debt in any way and have repeatedly promised to pay, but have not done so in direct violation of the trust provisions of the PACA.

11.  Defendants' failure and refusal to pay plaintiff demonstrate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

### Count 1

(Failure to Pay Trust Funds)

12.  Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.  The failure of defendants to make payment to plaintiff of trust funds in the amount of $73,545.90 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $73,545.90 to plaintiff.

## Count 2

### (Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $73,545.90 owed to plaintiff for produce and other items received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $73,545.90 against the defendants, jointly and severally.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Yan Skwara)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Yan Skwara, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18. Defendant, Yan Skwara, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19. Defendant, Yan Skwara's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Yan Skwara in the amount of $73,545.90.

### Count 4

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Samuel V. Nucci)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Samuel V. Nucci, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

23. Defendant, Samuel V. Nucci, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

24. Defendant, Samuel V. Nucci's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Samuel V. Nucci in the amount of $73,545.90.

### Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Darin Pines)

26. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27. Defendant, Darin Pines, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

28. Defendant, Darin Pines, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

29. Defendant, Darin Pines's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Darin Pines in the amount of $73,545.90.

## Count 6

(Interest and Attorney's Fees)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendants' failed to make full payment promptly of $73,545.90 and plaintiff has lost the use of said money.

33. As a result of defendants' failure to make full payment promptly of $73,545.90, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

34. PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at the rate of 18% per annum and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiff prays as follows:

///

///

///

(1) Plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

(2) Such other relief as the Court deems just and proper.

Dated this 17th day of April, 2008

KIRBY & McGUINN, A P.C.

By: _____
Dean T. Kirby, Jr., Bar No. 090114
600 B Street, Suite 1950
San Diego, California 92101-4515
(619) 685-4000

McCARRON & DIESS

By: _____
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Suite 310
(202) 364-0400
(202) 364-2731 fax

Attorneys for Plaintiff

(1) Plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

(2) Such other relief as the Court deems just and proper.

Dated this 17th day of April, 2008

KIRBY & McGUINN, A P.C.

By: _____
Dean T. Kirby, Jr., Bar No. 090114
600 B Street, Suite 1950
San Diego, California 92101-4515
(619) 685-4000

McCARRON & DIESS

By: _____
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Suite 310
(202) 364-0400
(202) 364-2731 fax

Attorneys for Plaintiff

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 149973       - SH
       * * C O P Y * *
           April 18, 2008
              14:35:35


           Civ Fil Non-Pris
USAO #.: 08CV0714
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC023520



       Total->    $350.00



FROM: CHIQUITA FRESH V. SAMMY'S PROD
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHIQUITA FRESH, N.A., LLC

**DEFENDANTS**
SAMMY'S PRODUCE, INC., YAN SKWARA, SAMUEL V. NUCCI AND DARIN PINES

(b) County of Residence of First Listed Plaintiff: Hamilton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kirby & McGuinn, 600 B Street, Suite 1950,
San Diego, CA 92101 / 619-685-4000

Attorneys (If Known)

'08 CV 714 JLS (POR)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. §499e(c)

Brief description of cause:
Failure to make full payment promptly and maintain statutory trust pursuant to 7 U.S.C. §499e(c)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 73,545.90
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/16/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 149973   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

Sa 4/18/08

**ORIGINAL**