Dean T. Kirby, Jr., Bar No. 090114
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, CA  92101-4515
Telephone: (619) 685-4000
Facsimile: (619) 685-4004
dkirby@kirbymac.com

Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Ave., N.W., Suite 310
Washington, D.C. 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731
ldiess@mccarronlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIQUITA FRESH, N.A., L.L.C.<br><br>Plaintiff<br><br>v.<br><br>SAMMY'S PRODUCE, INC., et al<br><br>Defendants | Civil Action No: 08-CV714 JLS(POR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION** |

Chiquita Fresh, N.A., L.L.C. ("plaintiff") submits this Memorandum In Support of its Application For Temporary Restraining Order under Rule 65 of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant Section 5(c) of the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. §499e(c), by restraining the transfer of any and all PACA trust assets of Sammy's Produce, Inc. ("Sammy's Produce") until there is payment to plaintiff of $73,545.90, pending the entry of a Preliminary Injunction Order.

## INTRODUCTION

Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant, Sammy's Produce, is a California corporation located in Vista, California.  Defendant Sammy's Produce purchased wholesale quantities of produce,

Chiquita Fresh v. Sammy's Produce, et al.                                    Case No.  08-CV714 JLS(POR)
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                                                 Page 1

and is and was at all times pertinent herein, a dealer of produce subject to and/or licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA").

Upon information and belief, defendants Yan Skwara, Samuel V. Nucci and Darin Pines, are the officers and directors of Sammy's Produce who directed the day-to-day operations of Sammy's Produce during the period of time in question.

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(i).

## THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a <u>statutory trust</u> on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. <u>Id</u>. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Chiquita Fresh v. Sammy's Produce, et al.                    Case No.  08-CV714 JLS(POR)
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                    Page 2

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

## BACKGROUND OF THIS ACTION AND THE INSTANT MOTION

Plaintiff is a wholesaler of produce with a principal place of business in Ohio, which sold and delivered wholesale quantities of produce to defendants in the unpaid amount of $73,545.90 all of which qualifies for trust protection. There is no dispute that plaintiff is owed $73,545.90 in trust assets from Defendants.

Plaintiff is a beneficiary of the statutory trust which defendants are required to maintain until full payment is made to plaintiff for the produce.

Defendants are past due in paying plaintiff for the produce. Defendants' failure, refusal and inability to pay plaintiff, show that defendants are failing to maintain the trust required by statute, and the trust assets will continue to be dissipated unless the relief requested is granted.

## THE STANDARD FOR GRANTING RELIEF

The standard for granting injunctive relief in the Ninth Circuit requires the moving party to show: (1) a strong likelihood of success on the merits; (2) irreparable harm if the relief is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) the issuance of the injunction will not be adverse to the public interest. Regents of University of California v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984); Los Angeles Memorial

Chiquita Fresh v. Sammy's Produce, et al.                              Case No. 08-CV714 JLS(POR)
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                                Page 3

Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The facts in this case show that the plaintiff is entitled to the requested relief.

> 1. Plaintiff Is A Trust Beneficiary Entitled To Enforce The PACA Trust -- The Likelihood That Plaintiff Will Prevail On The Merits Is Great

Plaintiff's entitlement to the relief requested so as to enable it to enforce the trust provisions of PACA and the PACA regulations to secure its trust claim for $73,545.90 is clear. First, plaintiff is a supplier or seller of wholesale quantities of produce. Second, plaintiff sold to defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is past due and unpaid. Third, plaintiff properly preserved its status as a trust creditor of defendants under PACA by sending invoices for the produce to the defendant corporation which contained the language as required by 7 U.S.C. §499e(c)(4). Fourth, defendants are dissipating trust assets in that they have failed and refused to pay plaintiff for the produce supplied by plaintiff in accordance with the trust provisions of the PACA and have advised plaintiff that they are unable to pay for the produce.

> 2. Plaintiff Would Be Irreparably Injured Were Defendants Not Ordered To Immediately Comply With The PACA Trust Act.

In the absence of preliminary relief, there will be no assets in the statutory trust. Loss of such assets would be irreparable because plaintiff will not be able to recover the trust assets once they are dissipated, and plaintiff would be forever excluded as a beneficiary of the statutory trust. H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

Chiquita Fresh v. Sammy's Produce, et al.                          Case No.  08-CV714 JLS(POR)
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                                Page 4

### 3. Possible Harm To Defendants Is Slight or Nonexistent.

By enjoining defendants from dissipating trust assets, defendants would only be required to fulfill the duties imposed by statute. Requiring fulfillment of such a duty cannot be harmful as a matter of law. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140.

### 4. The Public Interest Favors Granting An Injunction.

The trust provision specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on Chiquita Fresh, N.A., L.L.C.. by receivers who do not pay for produce. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140. 7 U.S.C. §499e(c)(1). Therefore, the public interest favors granting an injunction.

### 5. Caselaw Supports Plaintiff's Entitlement To An Injunction.

Caselaw supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

### CONCLUSION

The instant application by which plaintiff seeks an order directing defendants to comply with PACA and enjoining them from taking any action inconsistent with the duty of trust maintenance imposed upon defendants by PACA, is designed to afford plaintiff

Chiquita Fresh v. Sammy's Produce, et al.                         Case No. 08-CV714 JLS(POR)
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                        Page 5

that which is necessary, in the way of preliminary judicial relief, if plaintiff is to be able to avail itself of its statutory trust rights.

For the foregoing reasons, plaintiff respectfully submits that its Applications for Temporary Restraining Order and Preliminary Injunction should be granted.

Dated this 17th day of April, 2008

KIRBY & McGUINN, A.P.C.

By: _____
Dean T. Kirby, Jr., Bar No. 090114
600 B Street, Suite 1950
San Diego, California 92101-4515
(619) 685-4000

McCARRON & DIESS

By: _____
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Suite 310
(202) 364-0400
(202) 364-2731 fax

Attorneys for Plaintiff

Chiquita Fresh v. Sammy's Produce, et al.                              Case No.
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice                Page 6

that which is necessary, in the way of preliminary judicial relief, if plaintiff is to be able to avail itself of its statutory trust rights.

For the foregoing reasons, plaintiff respectfully submits that its Applications for Temporary Restraining Order and Preliminary Injunction should be granted.

Dated this 17th day of April, 2008

KIRBY & McGUINN, A P.C.

By: _____
Dean T. Kirby, Jr., Bar No. 090114
600 B Street, Suite 1950
San Diego, California 92101-4515
(619) 685-4000

McCARRON & DIESS

By: _____
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Suite 310
(202) 364-0400
(202) 364-2731 fax

Attorneys for Plaintiff

Chiquita Fresh v. Sammy's Produce, et al.
Memorandum of Points and Authorities in Support of Plaintiff's
Application for Temporary Restraining Order With Notice

Case No.

Page 6