UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHIQUITA FRESH, N.A., L.L.C. | : | |
| Plaintiff | : | |
| v. | : | Civil Action No: 08-CV714 JLS (POR) |
| SAMMY'S PRODUCE, INC., et al | : | **ORDER: GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| Defendants | : | |

This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 3.] For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

**BACKGROUND**

Chiquita Fresh, N.A., L.L.C. ("Plaintiff") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq. Sammy's Produce, Inc. ("Sammy's Produce"), purchases wholesale quantities of produce. According to Plaintiff, between February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of $73,545.90. Plaintiff contends it

---

[1] Plaintiff has also filed a motion for a preliminary injunction. [Doc. No. 4.]

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold. Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems. Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

**GOVERNING LAW**

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

# ANALYSIS

**I.  Plaintiff Satisfies the Traditional Test for a TRO**

    **A.  Plaintiff Has a Strong Likelihood of Success on the Merits**

Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid. Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.

    **B.  Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

### C. Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc., 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce. Id.; 7 U.S.C. §499e(c)(1).[3]

### CONCLUSION

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1) Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2) In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3] In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3) Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4) This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5) The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6) Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date. Plaintiff's reply, if any, shall be filed no later than **May 5, 2008**.

IT IS SO ORDERED.

Dated: April 22, 2008

Honorable Janis. L. Sammartino
United States District Court