Leonard Ackerman, Bar No. 171073
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, CA 92101-4515
Telephone: (619) 525-1652
Facsimile: (619) 685-4004
LAckerman@kirbymac.com

Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Ave., N.W., Suite 310
Washington, D.C. 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731
ldiess@mccarronlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIQUITA FRESH, N.A., L.L.C.   and ANDREW & WILLIAMSON SALES CO., INC.<br><br>Plaintiffs<br><br>v.<br><br>SAMMY'S PRODUCE, INC., YAN SKWARA SAMUEL V. NUCCI and DARIN PINES<br><br>Defendants | Case No. : 08-CV714 JLS(POR)<br><br>**FIRST AMENDED COMPLAINT**<br>**(To Enforce Payment**<br>**From Produce Trust)** |

Chiquita Fresh, N.A., L.L.C. ("Chiquita") and Andrew & Williams Sales Co., Inc. ("A&W") (collectively "Plaintiffs"), for their complaint against defendants alleges:

JURISDICTION AND VENUE

1.  Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2.  Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiffs' claims arose in this District and (b) defendants' principal place of business is in this District.

# PARTIES

3. a. Plaintiff Chiquita, an Ohio limited liability corporation with its principal place of business in Cincinnati, Ohio, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

b. Plaintiff A&W, a California corporation with its principal place of business in San Diego, California, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Sammy's Produce, Inc. ("Sammy's Produce"), a California corporation with its principal place of business in Vista, California, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

b. Defendants Yan Skwara, Samuel V. Nucci and Darin Pines are and were the officers and directors of Sammy's Produce, during the period of time in question who controlled the day to day operations of Sammy's Produce and were in positions of control over the PACA trust assets belonging to plaintiffs.

# GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6. a. Between February 14, 2008 and March 12, 2008, Chiquita sold and delivered to defendants, in interstate commerce, wholesale amounts of produce worth $73,545.90, which remains unpaid.

      b.     Between December 19, 2007 and January 22, 2008, A&W sold and delivered to defendants, in interstate commerce, wholesale amounts of produce worth $52,332.42, which remains unpaid.

7.     Defendants accepted the produce from plaintiffs.

8.     At the time of receipt of the produce, plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.     Plaintiffs preserved their interest in the PACA trust in the aggregate amount of $125,878.32 and remain beneficiaries until full payment is made for the produce.

10.     Defendants have not disputed the debt in any way and have repeatedly promised to pay, but have not done so in direct violation of the trust provisions of the PACA.

11.     Defendants' failure and refusal to pay plaintiffs demonstrates that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiffs and are dissipating trust assets.

## Count 1

(Failure to Pay Trust Funds)

12.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     The failure of defendants to make payment to plaintiffs of trust funds in the aggregate amount of $125,878.32 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiffs request an order enforcing payment from the trust by requiring immediate payment of $125,878.32 to plaintiffs.

## Count 2

### (Failure to Pay For Goods Sold)

14. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $125,878.32 owed to plaintiffs for produce and other items received by defendants from plaintiffs.

WHEREFORE, plaintiffs request judgment in the amount of $125,878.32 against the defendants, jointly and severally.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Yan Skwara)

16. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Yan Skwara, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiffs.

18. Defendant, Yan Skwara, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce supplied.

19. Defendant, Yan Skwara's failure to direct the corporation to maintain PACA trust assets and pay plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiffs request judgment against defendant Yan Skwara in the amount of $125,878.32.

## Count 4

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Samuel V. Nucci)

21. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Samuel V. Nucci, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiffs.

23. Defendant, Samuel V. Nucci, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce supplied.

24. Defendant, Samuel V. Nucci's failure to direct the corporation to maintain PACA trust assets and pay plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiffs request judgment against defendant Samuel V. Nucci in the amount of $125,878.32.

## Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Darin Pines)

26. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27. Defendant, Darin Pines, was an officer who operated Sammy's Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiffs.

28. Defendant, Darin Pines, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce supplied.

29. Defendant, Darin Pines's failure to direct the corporation to maintain PACA trust assets and pay plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiffs request judgment against defendant Darin Pines in the amount of $125,878.32.

## Count 6

(Interest and Attorney's Fees)

31. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendants' failed to make full payment promptly of $125,878.32 and plaintiffs have lost the use of said money.

33. As a result of defendants' failure to make full payment promptly of $125,878.32, plaintiffs have been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

34. PACA and the invoices of plaintiffs entitle plaintiffs to recover prejudgment interest at the rate of 18% per annum and attorneys' fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiffs request judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 2nd day of May, 2008

                                                KIRBY & McGUINN, A P.C.

                                                By: s/ Leonard J. Ackerman
                                                    Attorneys for Plaintiffs
                                                    Email: lackerman@kirbymac.com